IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASSI FIELDS**, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>**EMERGENCY SERVICES CONSULTING INTERNATIONAL, INC.**, an Oregon corporation,<br><br>    Defendant. | Case No. 3:23-cv-00912-IM<br><br>**OPINION AND ORDER ON ATTORNEY'S FEES** |

Vanessa M. Anderson, Alchemy Law, LLC, 5305 River Road N., Suite B, Keizer, OR 97303; and Theodore B. Kiviat, Longman & Van Grack LLC, 10411 Motor City Drive, Suite 750, Bethesda, MD 20817. Attorneys for Plaintiff.

Thomas C. Sand & Katherine Bennett, Miller Nash LLP, 1140 SW Washington Street, Suite 700, Portland, OR 97205; and John A. Bonello, Reston Law Group, LLP, 2100 Reston Parkway, Suite 450, Reston, VA 20191. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Now before the Court is a Motion for Attorney's Fees and Costs ("Mot."), ECF 95, filed by Defendant Emergency Services Consulting International, Inc. ("ESCI"). Defendant seeks an award of $245,549.50 in attorney's fees and $5,722.82 in costs for prevailing in this breach of

PAGE 1 – OPINION & ORDER ON ATTORNEY'S FEES

contract action. *Id.* at 2. This Court finds that Defendant is the prevailing party on the breach of contract claim, but that Defendant's requested award of attorney's fees is objectively unreasonable in light of the complexity of the case and the amount involved in the controversy. The Court will reduce the fee award to the amount incurred by Plaintiff's counsel to litigate the case. This results in a final award of $96,043. The Court will also award Defendant costs in the amount of $5,402.82.

## BACKGROUND

Plaintiff sold her company to Defendant in 2017 pursuant to an Asset Purchase Agreement (the "APA"). The APA required Defendant to annually pay Plaintiff a share of its "top line revenue." *See* ECF 54-1, § 2.1.2.

Plaintiff filed this action in June 2023. Complaint, ECF 1. She asserted three claims: (1) breach of the APA by omitting loan forgiveness under the Paycheck Protection Program ("PPP") from the calculation of "top line revenue"; (2) a claim for declaratory relief based on the same breach of the APA; and (3) a claim for unpaid royalties under a related licensing agreement for certain intellectual property. First Amended Complaint, ECF 9 ¶¶ 17–31. On her first claim, Plaintiff sought $85,882.79 in damages, as well as a 5% late fee and 10% interest. *Id.* ¶¶ 19–20. On her third claim, she sought $6,938.80. *Id.* ¶ 31.

The parties cross-moved for summary judgment on the first and second claims. ECF 40, 53 In December 2024, this Court granted summary judgment to Defendant on the first claim. ECF 70. The Court found that the disputed contract term "top-line revenue" unambiguously referred to Defendant's gross revenue, which ordinarily includes loan forgiveness, but that PPP loans should not be included in gross revenue given the extensive restrictions placed on loan forgiveness under that program. *Id.* at 9–11. Shortly before trial, the parties agreed to dismiss the

PAGE 2 – OPINION & ORDER ON ATTORNEY'S FEES

second and third claims. ECF 84. Defendant now seeks an award of attorney's fees under the APA's attorney's fees clause. Mot., ECF 95.

## STANDARDS

The fee applicant bears the burden of proving its entitlement to a reasonable amount of attorney's fees and costs. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## DISCUSSION

Defendant seeks an award of attorney's fees based on the APA, which provides that the prevailing party in any action brought to enforce or interpret the terms or provisions of the APA "will be entitled to reasonable attorney fees and costs incurred in connection with such action." ECF 54-1, § 16.11. Defendant calculates its fee in this action at $245,549.50, as well as $5,756.80 in costs. Mot., ECF 95 at 12. Plaintiff contests these fees, arguing first that Defendant is not the prevailing party and next that the fees Defendant requests are unreasonable. Response to Motion for Attorneys' Fees ("Resp."), ECF 96.

This Court finds that Defendant is the prevailing party and thus entitled by contract to some award of attorney's fees. For the reasons below, however, this Court finds that a sharp reduction in Defendant's fees is warranted under O.R.S. 20.075 given the low amount involved in the controversy and the lack of complexity in this case.

**A. Defendant Is the Prevailing Party**

Plaintiff first argues that Defendant is not the prevailing party. Resp., ECF 96 at 2–3.

In a diversity action, federal law governs procedural questions and state law governs substantive questions. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Because "state law on attorney's fees is substantive" for *Erie* purposes, Oregon law applies in determining the substance of those fees. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013). Under Oregon law, "[a]bsent a contrary indication, the parties [to a contract] are

PAGE 3 – OPINION & ORDER ON ATTORNEY'S FEES

presumed to refer to [O.R.S.] 20.077 for the meaning of 'prevailing party.'" *16th Grp., LLC v. Lynch Mech. Constr., LLC*, 265 Or. App. 217, 221 (2014). That statute defines "prevailing party" as "the party who receives a favorable judgment . . . on the claim." O.R.S. 20.077(2). When more than one claim is involved in an action, the court is required to identify the prevailing party on each claim. *Mindful Insights, LLC v. VerifyValid, LLC*, 301 Or. App. 256, 269 (2019).

Determining "which party received a 'favorable judgment' requires a comparison of the results sought and obtained by each party." *Merrick v. City of Portland*, 313 Or. App. 647, 662 (2021). Under this standard, the Court finds that Defendant is the prevailing party on the first claim.[1] Plaintiff sought $90,176.92 on that claim, as well as an award of interest. First Amended Complaint, ECF 9 ¶¶ 19–20. The Court's judgment dismissed this claim. ECF 85 ¶ 1. Defendant sought to defeat this claim, Answer, ECF 10, and succeeded.

Plaintiff accurately points out that this Court did not find Defendant's analysis of the disputed contract term persuasive. Resp., ECF 96 at 2 (citing Opinion & Order on Summary Judgment, ECF 70 at 5). But the prevailing party analysis under Oregon law is based on a comparison of the results sought and obtained, not an inquiry into how those results were obtained. *See Merrick*, 313 Or. App. at 662. A party may prevail "by defending successfully," *Sunset Presbyterian Church v. Andersen Constr. Co.*, 268 Or. App. 309, 324 (2014), even if the

---

[1] This Court also finds that Defendant is the prevailing party on the second claim, which sought declaratory relief voiding a non-competition clause. Mot., ECF 95 at 4. This Court's Opinion and Order on Summary Judgment did not grant summary judgment in favor of either party on this claim. ECF 70 at 11–12. This Court declined to grant summary judgment because, although Defendant did not breach the APA by excluding the PPP loan, it was conceivable that Plaintiff could amend to allege some other material violation of the APA based on the definition of top-line revenue. *See id.* at 12. Plaintiff did not do so, and the parties ultimately stipulated to dismiss that claim without prejudice. Stipulated Judgment, ECF 84. Under Oregon law, the dismissed party is ordinarily considered prevailing. Or. R. Civ. P. 54(A)(3); *see King v. Neverstill Enters., LLC*, 240 Or. App. 727, 736 n.5 (2011). The attorney's fees and costs that may be attributed to this claim, however, appear minimal.

PAGE 4 – OPINION & ORDER ON ATTORNEY'S FEES

Court does not adopt the reasoning advanced by the party, *see Eagles Five, LLC v. Lawton*, 250 Or. App. 413, 427 (2012) (holding that a party may still be the prevailing party even if it does not obtain all the relief sought). Litigants will often make arguments in the alternative or advance sweeping arguments that are only partially accepted by the court. Even if not totally successful, such litigants may still qualify as the prevailing party. To the extent a particular claim or defense was unreasonable, O.R.S. 20.075(1)(b) permits a court to consider that in determining an award of attorney's fees, but it is not an appropriate consideration in the prevailing party analysis. Defendant received a favorable judgment on the first claim and is accordingly the prevailing party on that claim.

**B. Defendant's Fees Must Be Reduced**

The APA provides for an award of "reasonable attorney fees." ECF 54-1, § 16.11. This contractual provision means that some award of fees to Defendant is mandatory here. *U.S. Nat'l Res., Inc. v. Gray*, 66 Or. App. 769, 773 (1984); *see also Jensen v. Miller*, 280 Or. 225, 232 (1977) ("The awarding of attorney fees pursuant to contractual provisions is made mandatory by statute, [O.R.S.] 20.096."). The question for this Court is what constitutes a "reasonable" fee in this case.

The determination of a "reasonable" fee leaves some room for judicial discretion. *See McConnell v. Sutherland*, 135 Or. App. 477, 484 (1995). The term "reasonable" is undefined in the APA, and the parties identify no other portions of the agreement that may illuminate the meaning of the term. Oregon law provides that a court may judge the reasonableness of a fee award by reference to the factors outlined in O.R.S. 20.075. *Alexander Mfg., Inc. Emp. Stock Ownership & Tr. v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1181–82 (D. Or. 2010). Without any indication that the parties intended a different meaning, the Court finds that the factors set forth in O.R.S. 20.075 "provide a relevant guide to determining the reasonableness of the fees

PAGE 5 – OPINION & ORDER ON ATTORNEY'S FEES

based on a contract," particularly one formed under Oregon law. *Oire Or. C, LLC v. Yaldo*, No. CV 08-724-ST, 2009 WL 1270254, at *2 (D. Or. May 6, 2009).

Defendant argues that this Court should not consider the O.R.S. 20.075 factors at all. Reply, ECF 100 at 2–3. O.R.S. 20.075 only requires courts to consider the enumerated factors when an attorney's fee award "is authorized or required by statute." O.R.S. 20.075(2). Defendant reasons that "an award of attorneys' fees is not authorized or required by statute" in this case because the contract between the parties, not a statute, provides the basis for the fee award. Reply, ECF 100 at 3. But whether consideration of these factors is mandatory has no bearing on whether these factors serve as a useful guide. This Court will therefore refer to relevant factors from O.R.S. 20.075 to determine a reasonable fee award.[2]

Plaintiff argues that several of the O.R.S. 20.075 factors justify a reduction. Resp., ECF 96 at 13–14. Considering the O.R.S. 20.075 factors and the totality of the circumstances, this Court finds that a fee reduction is warranted. Court finds that two of the factors in O.R.S. 20.075(2) in particular justify a substantial fee reduction. This case was a straightforward commercial dispute that primarily concerned the meaning of a single term in the parties' contract. *See* O.R.S. 20.075(2)(a). Defendant nonetheless incurred attorney's fees substantially in excess of the value of the claim. *See* O.R.S. 20.075(2)(d). Defendant has not offered a compelling reason for why it incurred more than double Plaintiff's fees to litigate this case. This Court will accordingly reduce Defendant's fee award to $96,043, the amount of Plaintiff's fees.

---

[2] The Court notes that the factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), cited in Defendant's brief, Mot., ECF 95 at 5–6, are largely identical to those set out in O.R.S. 20.075. *See Graham v. Forever Young Or., LLC*, No. 3:13-cv-01962-HU, 2014 WL 4472702, at *3 (D. Or. Sept. 10, 2014) (observing that these sets of factors are "similar"). To the extent the *Kerr* factors govern this case, they do not dictate a different outcome.

PAGE 6 – OPINION & ORDER ON ATTORNEY'S FEES

The first and most relevant factor is the "time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services." O.R.S. 20.075(2)(a). This was an action between two private parties about the meaning of the term "top line revenue" in a contract between them. Under Oregon's well-established three-step approach to contract interpretation, resolving this claim required considering the plain meaning of the disputed term, any extrinsic evidence of the parties' intent, and canons of construction, *Yogman v. Parrott*, 325 Or. 358, 363 (1997). The first stage requires little more than citing to some dictionary definitions showing how the phrase is used in common parlance, while the third stage requires the application of a handful of widely recognized principles of contractual interpretation.

While the second stage may require some discovery into the circumstances of contract formation and the parties' course of dealings, *see Ken Hood Constr. Co. v. Pac. Coast Constr. Inc.*, 201 Or App. 568, 578 (2005), this was, on the whole, not a particularly complex case. There were no overlapping agreements or competing breach-of-contract claims that increased the complexity of the case. *Cf., e.g.*, *Great West Capital, LLC v. Payne*, No. 3:22-cv-00768-IM, 2024 WL 4444309, at *5 (D. Or. Oct. 8, 2024); *ZAPS Techs. LLC v. Klinkhammer*, No. 6:20-cv-00760-IM, 2024 WL 4818623, at *6–8 (D. Or. Nov. 18, 2024). Under the circumstances of this case, Plaintiff's hours and costs serve as a reasonable benchmark, with no apparent reason for Defendant to incur fees greatly in excess of what Plaintiff incurred.

Defendant blames Plaintiff for unnecessarily multiplying the costs of litigation, pointing to Plaintiff's extensive depositions and requests for discovery. Reply, ECF 100 at 6. But Plaintiff's counsel would have had to prepare for and attend the same depositions. As for discovery requests, Defendant's counsel attributes 75 hours to responding to Plaintiff's discovery

PAGE 7 – OPINION & ORDER ON ATTORNEY'S FEES

requests and producing documents. Declaration of John Bonello, ECF 100-2 ¶ 4. Even subtracting this time, Defendant's counsel would have billed nearly a hundred hours more than Plaintiff's counsel. *Compare* Mot., ECF 95 at 6–7 (430.6 attorney hours), *with* Resp., ECF 96 at 7 tbl. 1 (263.6 hours). The Court agrees that Plaintiff bears some responsibility for the cost of this litigation, but that does not on its own excuse Defendant's disproportionate hours.

Further weighing in favor of a fee reduction is the "amount involved in the controversy." O.R.S. 20.075(2)(d). Some Oregon authority suggests that "a reasonable sum for attorney fees should be less than the amount sought by [P]laintiff." *Meyer v. Cloudcrest Homes, LLC*, 326 Or. App. 575, 580 (2023) (unpublished). This is particularly true in a case like this one, where there is no public policy that justifies awarding attorney's fees in excess of the value of the claim. *Cf., e.g.*, *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (holding that fees need not be proportional in civil rights litigation, which vindicates a public interest even when damages are limited); *Evon v. Law Offs. of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012) (holding the same for consumer protection suits). The approximately $250,000 in fees incurred by Defendant is unreasonably disproportionate to the $106,266.62[3] in damages sought by Plaintiff.[4]

---

[3] This number reflects the $88,454.54 in damages identified in Plaintiff's Motion for Summary Judgment, ECF 41 at 21, as well as 10% annual interest between December 19, 2022, when Defendant allegedly breached the APA, and December 23, 2024, which this Court issued its Sealed Opinion and Order on Summary Judgment, ECF 69.

[4] Defendant points out that the outcome of this case could also affect whether Plaintiff was entitled to a share of a second PPP loan forgiven in 2022. Affidavit of John Bonello, ECF 95, Ex. A ¶ 5 (explaining that Defendant had a $412,145 PPP loan forgiven in 2022). But the second loan only underscores that the fees were disproportional. Although the revenue schedule in the APA makes it somewhat tricky to estimate without knowing Defendant's gross revenue for 2022, *see* Joint Statement of Agreed Facts, ECF 51 ¶ 3, Plaintiff asserted this formula entitled her to approximately 15% of the 2021 PPP loan, Motion for Summary Judgment, ECF 41 at 21. Applied to the 2022 forgiveness, 15% would be slightly over $60,000—or, once combined with the 2021 forgiveness, still nearly $100,000 less than the fees Defendant incurred in this action.

Weighing the above considerations, the Court finds that O.R.S. 20.075(2)(a) and (2)(d) supports a reduction in the award of attorney's fees from $251,000 to $96,043, the amount billed by Plaintiff's counsel. Plaintiff's fees and hours provide an appropriate benchmark in this case given the lack of complexity and the amount at issue. The Court finds that this reduction adequately addresses Plaintiff's other arguments about Defendant's litigation strategy, rates, and hours. Resp., ECF 96 at 5–13.

## C. Defendant's Costs

Defendant seeks costs in the amount of $5,722.82, including $5,402.82 for deposition transcripts and $320 in pro hac vice fees. Mot., ECF 95 at 11. Defendant argues that the APA authorizes these costs. *Id.*; *see* APA, ECF 54-1, § 16.11 (awarding to the prevailing party the "reasonable . . . costs incurred in connection with" an action to enforce the APA).

The term "costs" is undefined in the APA. Defendant does not provide any argument or authority as to why these costs are recoverable under the agreement. Under Oregon law, "denial of an item of costs is a matter within the trial court's discretion," even where the contract expressly provides for costs to the prevailing party. *Cedartech, Inc. v. Strader*, 293 Or. App. 252, 265–66 (2018).

This Court will award $5,402.82 for deposition transcripts. Defendant purchased the transcript of Plaintiff's deposition, as well as the transcripts of five other depositions noticed by Plaintiff. Reply, ECF 100 at 9; Declaration of John Bonello, ECF 100, Ex. B ¶ 6. These transcripts are reasonable in number and price. It is objectively reasonable for a defendant to purchase a copy of the plaintiff's deposition to be used at summary judgment and transcripts of a few other depositions relevant to the case.

Plaintiff points out that some of these deposition transcripts were not used on summary judgment and argues that others were unnecessary or irrelevant. Resp., ECF 96 at 14. But the fact

PAGE 9 – OPINION & ORDER ON ATTORNEY'S FEES

that these deposition transcripts were not critical to Defendant's motion for summary judgment does not mean that the transcripts were not reasonable. Even under the narrower federal costs statute, 28 U.S.C. § 1920(2),[5] the Ninth Circuit has held that courts may award deposition and copying costs "even if the items in question were not used at trial." *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001). The Court finds that Defendant's purchase of the transcripts of these depositions was reasonable.

This Court declines, however, to award Defendant $320 for *pro hac vice* application fees. Such fees "are an expense that an attorney pays for the privilege of practicing law in this court," not a cost that an attorney would expect a client to pay. *Tarango v. City of Bakersfield*, No. 16-cv-0099, 2017 WL 5564917, at *21 (E.D. Cal. Nov. 20, 2017) (declining to award pro hac vice application fees). *Tarango* applied Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 rather than a reasonableness inquiry, but its rationale is equally apt here. Thus, an award of costs of $5,402.82 is appropriate.

## CONCLUSION

Defendant's Motion for Attorney's Fees, ECF 95, is GRANTED IN PART and DENIED IN PART. This Court awards Defendant $96,043 in fees and $5,402.82 in costs.

**IT IS SO ORDERED.**

DATED this 23rd day of April, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[5] *See Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (holding courts "construe § 1920 narrowly").

PAGE 10 – OPINION & ORDER ON ATTORNEY'S FEES